*374 OPINION.
Smith :
In its petition the petitioner alleges errors on the part of the respondent in determining deficiencies for the years 1917, 1918, and 1919, as follow:
(A) That tbe Commissioner arrived at tbe income for each of tbe years by an erroneous method wbicb necessitated bis determining tbe income on tbe basis of a fiscal year ended June 15tb, and (lien prorating tbe income to tbe calendar year basis, altbougb tbe figures for tbe taxable income on tbe basis of tbe calendar year were not only available, but submitted to bim in accordance with bis request, tbe Commissioner having held that the return should be made on tbe calendar year basis:
(B) That the Commissioner determined the charge sales from memorandum balance sheets, in tbe manner described by tbe agent in bis report, instead of from tbe books and records of the company; that is to say, bis procedure of determining charge sales is merely the employment of a balancing amount inserted and included in bis computation of income.
(C) That the tax for tbe calendar year 1917 is barred by tbe statute of limitations and can not now be assessed.
*375 The only evidence which the petitioner has submitted to the Board from which to determine the correctness of its contentions with respect to the true tax liability of the tax years in question consists of certain memorandum balance sheets showing cash sales and collections of the Cordele store for portions of the taxable years, the day books showing the charge sales of the same store during the taxable years, and the cash book of the branch store at Douglas. This evidence does not enable the Board to determine the true tax liability of the petitioner for the tax years involved. The revenue agent’s report was admitted in evidence with the approval of both petitioner and respondent. This shows that he spent a large amount of time in compiling his data from original sources, which data are not before the Board. We can discover nothing inherently wrong with the method used by the revenue agent and adopted by the Commissioner in determining taxable income and for lack of sufficient evidence to overcome the Commissioner’s determination of the deficiencies his determinations are approved.
It appears that the petitioner filed a consent whereby it waived its right to object to the determination of the correct tax liability for the year 1917 and the assessment thereof upon such determination after the statutory period. This consent was made within the statutory period and was continued by the filing of subsequent waivers. We think that the claim of the petitioner that the respondent is barred from collecting the deficiency for the year 1917 is without merit.

Judgment will be entered for the respondent.

Considered by Littleton and Love.